IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| HERRON LEE JOHNSON, : | |
| : | |
| Petitioner, : | |
| v. : | Case No. 4:25-cv-318-CDL-AGH |
| : | |
| SHERIFF GREG COUNTRYMAN, : | |
| : | |
| Respondent. : | |
| _____ : | |

**ORDER**

In accordance with the Court's previous orders and instructions, Petitioner has filed a Recast Complaint indicating that he wishes to proceed with this case pursuant to 42 U.S.C. § 1983 (ECF No. 7). In his Recast Complaint, Petitioner challenges various conditions at the Muscogee County Jail. A review of court records shows that Petitioner has filed another § 1983 case in this Court that is also related to the conditions in the Muscogee County Jail, *Johnson v. Herbert*, No. 4:25-cv-403-CDL-AGH (M.D. Ga. Nov. 24, 2025).

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[1] Consolidation of Petitioner's cases will conserve judicial resources and permit more efficient resolution of

---

[1] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).

Petitioner's related claims.  It is therefore **ORDERED** that the above-captioned case, Case No. 4:25-cv-318-CDL-AGH (M.D. Ga. Oct. 20, 2025), be **CONSOLIDATED** into *Johnson v. Herbert*, Case No. 4:25-cv-403-CDL-AGH, and that the above-captioned case be **ADMINISTRATIVELY CLOSED.**

Also pending before the Court is Petitioner's motion to permit maintenance of a class action.  ECF No. 6 at 1.  Because Petitioner is proceeding *pro se* before the Court, however, he may not bring a class action on behalf of any other inmates.  *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (rejecting claim that "*pro se in forma pauperis* litigant may bring a class action § 1983 complaint" because it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action" (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 809 (11th Cir. 2015) (affirming dismissal where *pro se* litigant repeatedly ignored court's warning that class-action claims required counsel).  This same general principle also prevents Petitioner from seeking relief on behalf of any other inmate.  *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates).[2]  Petitioner's motion (ECF No. 6) is therefore **DENIED** to the extent he seeks to bring a class action.

In this same document, Petitioner also filed a motion for "summary

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

judgment/judgment on the pleadings." ECF No. 6 at 2.  This motion is premature.  Once Petitioner's cases are consolidated, his claims will be reviewed pursuant to 28 U.S.C. § 1915A and § 1915(e) to determine whether they should be dismissed as frivolous, malicious, or for failure to state an actionable claim.  If Petitioner's claims survive this screening process, the Court will provide the parties with instructions on discovery and the filing of dispositive motions, such as motions for summary judgment.  Petitioner's motion (ECF No. 6) is thus **DENIED** to the extent he seeks summary judgment or judgment on the pleadings.

      **SO ORDERED**, this 7th day of January, 2026.

                                      S/Clay D. Land
                                      CLAY D. LAND
                                      U.S. DISTRICT COURT JUDGE
                                      MIDDLE DISTRICT OF GEORGIA